IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rebecca S. Clark, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security, )<br>)<br>　　　　Defendant. )<br>_____) | C/A No. 0:15-1352-RMG-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Rebecca S. Clark, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the administrative law judge ("ALJ") to consider, in sequence:

PJG

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**ADMINISTRATIVE PROCEEDINGS**

In January 2007, Clark applied for DIB.  Clark's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ.  A video hearing was held on April 30,

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



2009, at which Clark, who was represented by David Hood, Esquire, appeared and testified. At the beginning of the hearing, Clark amended her alleged onset date to June 22, 2005. The ALJ issued a decision on June 1, 2009 concluding that Clark was not disabled. (Tr. 9-15.) The Appeals Council denied Clark's request for review, and Clark appealed to the United States District Court. The district court vacated the ALJ's June 1, 2009 decision and remanded Clark's claim for further consideration. (Tr. 751-52.) The Appeals Council issued an Order on January 29, 2013 remanding the matter for further proceedings consistent with the order of the district court. (Tr. 766.)

A second hearing was held on April 16, 2014, at which Clark appeared and testified and continued to be represented by David Hood, Esquire. The ALJ also heard testimony from a vocational expert. The ALJ issued a decision on May 12, 2014 finding that Clark was not disabled. (Tr. 704-12.)

Clark was born in 1948 and was fifty-seven years old on June 22, 2005—her amended alleged disability onset date. (Tr. 82.) She has a high-school education and has past relevant work experience as a claims representative and a reservations manager. (Tr. 109, 114.) Clark alleged disability due to chronic obstructive pulmonary disease ("COPD"), fibromyalgia, a sciatic nerve, two degenerative discs in her lower back, bronchitis, emphysema, high blood pressure, chronic sinus problems, thyroid disorder, myopathy in her right leg, and gastroesophageal reflux disease ("GERD"). (Tr. 108.)

In applying the five-step sequential process, the ALJ found that Clark had not engaged in substantial gainful activity from her amended alleged onset date of June 22, 2005 through her date last insured of December 31, 2007. The ALJ also determined that, through the date last insured, Clark's COPD and degenerative disc disease were severe impairments. However, the ALJ found

that, through the date last insured, Clark did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, through the date last insured, Clark retained the residual functional capacity to

> sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; occasionally bend, crouch, climb and kneel; avoid even moderate exposure to pulmonary irritants; avoid all exposure to hazards. She would require a sit/stand option hourly.

(Tr. 707.) The ALJ found that, through the date last insured, Clark was able to perform past relevant work as a claims clerk, and that this work did not require the performance of work-related activities precluded by Clark's residual functional capacity. Therefore, the ALJ found that Clark was not disabled from June 22, 2005, the amended alleged onset date, through December 31, 2007, the date last insured.

The Appeals Council denied Clark's request for review on March 12, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 672-75.) This action followed.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more



than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Clark raises the following issues for this judicial review:

I.    The ALJ did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.

II.    The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

III.    The ALJ failed to properly evaluate Clark's credibility.

(Pl.'s Br., ECF No. 19.)

## DISCUSSION

Although Clark raises several issues for this judicial review, the court is constrained to find that this matter must be remanded again for failing to comply with the court's previous remand order. The parties agree that the court's previous Report and Recommendation, which was adopted by the Honorable Sol Blatt, Jr., Senior United States District Judge, vacated the ALJ's decision dated June 1, 2009 in part because the ALJ did not consider the effect, if any, Clark's chronic cough would have on her ability to perform her past relevant work, which involved telephone interaction with customers. This issue is potentially determinative of Clark's eligibility for benefits as it appears that if Clark is unable to return to her past relevant work then a finding of disability would be warranted



under the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids").

As indicated above, the ALJ found that Clark could return to her past relevant work as a claims representative. However, at the first hearing Clark testified that she would not be able to use the telephone because she coughed too much. Additional evidence that could support this testimony includes but is not limited to the ALJ's finding that Clark's COPD is a severe impairment; complaints by Clark to her treating physician of a cough during and around the relevant time period (Tr. 371, 377, 386, 409, 636, 647, 655); evidence from Clark's treating pulmonologist of coughing and chronic cough (Tr. 215, 618); and two separate reports during the relevant time period by interviewers in connection with Clark's disability application indicating that Clark coughed continuously throughout the interview and that Clark was "[c]oughing NON-STOP" and is a "[s]weet soul but the coughing drives you NUTS." (Tr. 105, 127.) The Commissioner acknowledges that COPD can result in coughing; however, the Commissioner argues that the ALJ considered Clark's treatment records and found that the records from Clark's pulmonologist failed to show disabling limitations. The Commissioner also directs the court's attention to other records where Clark denies coughing.

Notwithstanding the Commissioner's attempt to address this issue, the problem remains that the ALJ failed to address or even mention anywhere in the decision Clark's cough. Therefore, the court is left to wonder whether this issue was even considered by the ALJ on remand. Further, the parties have each directed the court to evidence supporting their respective positions, and without any analysis by the ALJ the court cannot say whether the ALJ's decision is supported by substantial evidence. Therefore, the court is constrained to agree with Clark that this matter must be remanded

for the ALJ to address this issue in the first instance to allow for a meaningful judicial review of the decision.

Further consideration of this issue may directly impact the evaluation of Clark's credibility and the opinions of her treating physicians and the ultimate determination that Clark could return to her past relevant work. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). To be clear, this matter is recommended for remand for the ALJ to explicitly address Clark's allegations that her cough renders her unable to perform her past relevant work as a claims representative.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

July 14, 2016  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).